## METROPOLITAN PAVING COMPANY
### v.
### The UNITED STATES.
### No. 509–58.

United States Court of Claims.
Dec. 13, 1963.

Eldon H. Crowell, Washington, D. C., for plaintiff. Walter D. Matson, Cummings & Sellers, Washington, D. C., Bert Barefoot, Jr., Barefoot, Moler & Bohanon, Oklahoma City, Okl., were on on the briefs.

Edwin J. Reis, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before JONES, Chief Judge, and WHITAKER, LARAMORE, DURFEE and DAVIS, Judges.

DURFEE, Judge.

This is an action for delay damages growing out of defendant's alleged breach of contract. The contract in question was entered into November 18, 1954. Under the contract, plaintiff undertook

to complete additional airfield paving and other work at the Walker Air Force Base, Roswell, New Mexico. The total consideration was $2,072,739.61.

Under the contract, plaintiff was to commence work within ten days of receipt of the contract; to complete the work not later than 300 calendar days from the commencement date; and to "complete work within landing areas" as expeditiously as practicable. The work involved was characterized as "critical" at a prebidding conference.

Plaintiff commenced work in December of 1954 and did complete performance within the requisite 300 days. Plaintiff now claims that but for "failure of defendant's employees to give plaintiff a reasonable measure of cooperation in the performance of essential inspections and tests," plus the "deliberate harassment and dilatory tactics" of defendant's employees and "the absence of adequate supervision by the contracting officer," plaintiff could have and would have completed the work some 94 days earlier.

Plaintiff contends that the action of defendant's employees constituted a breach of contract in that defendant was under an obligation not to hinder plaintiff's performance generally, and was specifically bound to conduct the requisite tests "in such a manner as not unnecessarily to delay the work" as provided in section 9(b) of the contract. Plaintiff further contends that due to this alleged breach, it has suffered damages in the amount of $500,408.45.

■ In order to recover, plaintiff must surmount three hurdles. First, it must prove that defendant's employees did unnecessarily cause delay. It must then establish that such delays constituted a breach of contract. Finally, it must establish that it suffered damages due to the breach.

That the last shall come first here seems advisable since, if plaintiff suffered no damages, it cannot recover even assuming a breach. Accordingly, we will first address ourselves to the question whether as a matter of law a plaintiff can recover damages when delay has not prevented completion of the contract *within the specified time.*

On this point, plaintiff has cited no authority directly in point. In Carroll v. United States, 76 Ct.Cl. 103 (1933), defendant delayed claimant's completion some 637 days beyond the 120 day completion date. Great Lakes Const. Co. v. United States, 96 Ct.Cl. 378 (1942) involved a suit for damages growing out of defendant's delays which retarded completion of the contract from November 26, 1933 to June 7, 1934. Rogers v. United States, 99 Ct.Cl. 393 (1943) and George A. Fuller Co. v. United States, 69 F.Supp. 409, 108 Ct.Cl. 70 (1947) involved similar situations. None reach the issue of whether, as a matter of law, damages are suffered through delays which do not prevent a timely completion of the contract.

Defendant, on the other hand, seems to rely on United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039 (1944) for the proposition that since there is no obligation or duty on the part of defendant to aid a contractor towards early completion, "plaintiff cannot impose liability on defendant for delay in not letting [plaintiff?] complete the contract before that (the completion) date * * " (Def. brief p. 14).

■ But a close reading of Blair, supra, does not support defendant's position. While it is true that there is not an "obligation" or "duty" of defendant to aid a contractor to complete prior to completion date, from this it does not follow that defendant may hinder and prevent a contractor's early completion without incurring liability. It would seem to make little difference whether or not the parties contemplated an early completion, or even whether or not the contractor contemplated an early completion. Where defendant is guilty of "deliberate harassment and dilatory tactics" and a contractor suffers damages as a result of such action, we think that defendant is liable.

We now turn to plaintiff's contention that defendant, through the deliberate harassment and dilatory tactics of its employees, did in fact cause plaintiff a delay of some 94 days. The burden of proving that the alleged delay was caused by defendant, and did encompass the alleged 94 days, is of course upon plaintiff. We do not believe that plaintiff has adequately discharged that burden, under the findings by the Trial Commissioner.

Plaintiff has here excepted to virtually all of the Commissioner's findings. Though its exceptions and proposed findings are too numerous to mention here in detail, suffice it to say that upon careful search of the record, we could find no evidence sufficient to support plaintiff's exceptions and proposed changes.

Though plaintiff was delayed due to the default of another contractor,— Groseclose, due to the failure of its own subcontractor to provide sufficient truckage, and due to inclement weather, it is well established that no recovery for these delays can be had from defendant.

The crux of plaintiff's claim is that personal animosity between an agent of defendant and an employee of plaintiff "infected" defendant's testing personnel causing them to harass plaintiff through "insignificant" delays which, in the aggregate, plaintiff contends, constituted a breach of contract. We can find no delay due to defendant's testing personnel.

Plaintiff attempted to show deliberate harassment through its allegation of personal animosity. But not only has plaintiff failed to prove that animosity did exist; it has also failed to prove that the alleged delays flowed from that animosity.

Accordingly, and upon the Commissioner's findings of fact which are hereby adopted as the findings of the court, we find that as a matter of law plaintiff is not entitled to recover damages, and its petition is dismissed.